UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                             CASE NO: 8:23-cr-34-CEH-AAS

LEONON RICKY DAVIS
_____/

**ORDER**

This matter comes before the Court on Defendant Leonon Ricky Davis's Facial and As-Applied Challenge to the Constitutionality of 18 U.S.C. § 922(g)(1) and Motion to Dismiss the Indictment (Doc. 45), filed on November 12, 2023. Davis requests dismissal of Count One of the Indictment. In Count One, Davis is charged with knowingly possessing a firearm as a person who was previously convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Doc. 39. In support of his motion, Davis argues that § 922(g)(1) is unconstitutional under the Second Amendment, both facially and as applied to him. The Government opposes the motion. Doc. 48. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Facial and As-Applied Challenge to the Constitutionality of 18 U.S.C. 922(g)(1) and Motion to Dismiss the Indictment.

**BACKGROUND**

On December 1, 2022, Defendant was in a motor vehicle that was involved in a crash with another motor vehicle parked on a street in Tampa, Florida. Defendant

was located and apprehended by police at a nearby apartment complex. A discarded firearm was also located on the property of the apartment complex where Defendant was arrested. Defendant contends that the Government claims the firearm taken into possession has "Trace DNA" on it that is being attributed to Defendant. Doc. 45.

On February 1, 2023, Defendant was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Doc. 1. On October 12, 2023, the grand jury returned a superseding indictment that added a second count for possession with the intent to distribute a Schedule I controlled substance. Doc. 39. As to Count One, the superseding indictment lists the following prior felony convictions: (1) possession of cocaine on October 20, 2020; (2) possession of heroin on October 20, 2020; (3) possession of a controlled substance on October 20, 2020; (4) felony battery on June 1, 2017; (5) possession of a firearm by a convicted felon on June 10, 2016; (6) carrying a concealed firearm on June 10, 2016; and (7) possession of cocaine on June 10, 2016. Doc. 39.

On November 12, 2023, Defendant filed the instant motion to dismiss Count One of the superseding indictment arguing that 18 U.S.C. § 922(g)(1) is unconstitutional under the Second Amendment of the United States Constitution. Doc. 45. Defendant challenges the constitutionality of § 922(g)(1) facially and as applied to him. In response, the Government argues that Eleventh Circuit precedent in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), forecloses Defendant's constitutional challenge, but even in the absence of *Rozier*, the Government contends

the constitutional challenge still fails under a historical analysis of the Second Amendment. Doc. 48.

## DISCUSSION

The Second Amendment to the United States Constitution reads:

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. CONST. amend. II. Davis argues that his right to possess a firearm is protected by the Second Amendment and that section 922(g)(1)'s lifetime ban on gun possession by a convicted felon is unconstitutional. Doc. 45.

In pertinent part, Section 922(g)(1) provides that:

> (g) It shall be unlawful for any person— (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

§ 922(g)(1).

In his motion, Defendant acknowledges that the Eleventh Circuit in 2010 resolved the question of whether convicted felons' rights under the Second Amendment may be restricted. Doc. 45 at 5. In *United States v. Rozier*, the Eleventh Circuit stated:

> Like most rights, the right secured by the Second Amendment is not unlimited. . . . While felons do not forfeit their constitutional rights upon being convicted, their status as felons substantially affects the level of protection those rights are accorded. . . . The [Supreme] Court made this clear when it referred to those "disqualified from the

> exercise of Second Amendment rights." [*District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)]. *Heller* stated that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." *Id.* This language suggests that statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment. Recently, in *United States v. White*, we held that *Heller* recognized § 922(g)(1) as "a presumptively lawful longstanding prohibition." *White*, 593 F.3d 1199, 1205–06 (11th Cir. 2010).

*United States v. Rozier*, 598 F.3d 768, 770–71 (11th Cir. 2010).

Defendant argues, however, that *Rozier* is not good law because it relied on dicta from *Heller*. The Eleventh Circuit has squarely rejected this contention, holding that "to the extent that this portion of *Heller* limits the court's opinion to possession of firearms by law-abiding and qualified individuals, it is not dicta" and "to the extent that this statement is superfluous to the central holding of *Heller*, we shall still give it considerable weight." *Rozier*, 598 F.3d at 771 n.6 (citing *Denno v. Sch. Bd. of Volusia Cty., Fla.*, 218 F.3d 1267, 1283 (11th Cir. 2000) and *Peterson v. BMI Refractories*, 124 F.3d 1386, 1392 n.4 (11th Cir. 1997)).

Further, Defendant's argument that *Rozier* was abrogated by the Supreme Court's recent opinion in *N.Y. State Rifle and Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), is also without merit. Courts in this District have consistently held that *Rozier* is binding in this Circuit and that § 922(g)(1) remains constitutional following *Bruen*. *See Foster v. United States*, No. 8:23-cv-2846-WFJ-AEP, 2023 WL 8650258, at *1 (M.D. Fla. Dec. 14, 2023) (denying § 2255 motion to vacate based on constitutional challenge

of conviction for firearm possession under *Bruen* because § 922(g)(1) remains constitutional following *Bruen*); *United States v. Ray*, No. 8:22-cr-185-SDM-TGW, 2023 WL 8543766, at *2 (M.D. Fla. Dec. 11, 2023) (finding *Bruen* and *Heller* consistent and that the two "compel the conclusion that Section 922(g)(1) remains constitutional"); *United States v. Staley*, No. 8:23-cr-228-CEH-JSS, 2023 WL 8520783, at *3 (M.D. Fla. Dec. 8, 2023) (finding *Rozier* remains binding precedent within the Eleventh Circuit on the constitutionality of the felon-in-possession statute); *United States v. Smith*, No. 8:23-cr-199-TPB-AAS, 2023 WL 8234594, at *1–2 (M.D. Fla. Nov. 28, 2023) (same); *United States v. Beasley*, No. 8:23-cr-140-KKM-AAS, 2023 WL 7839581, at *1 (M.D. Fla. Nov. 16, 2023) (same); *United States v. Kirby*, No. 3:22-cr-26-TJC-LLL, 2023 WL 1781685, at *3 (M.D. Fla. Feb. 6, 2023) (same).

In *Rozier*, the Eleventh Circuit upheld the constitutionality of section 922(g)(1) based on *Heller*. *Rozier*, 598 F.3d at 771. *Rozier* remains binding precedent in the Eleventh Circuit because it was not overruled or abrogated by *Bruen*. For an appellate court to conclude that it is not bound by a prior holding in light of an intervening Supreme Court case, the court must find that the Supreme Court case is "clearly on point" and that it "actually abrogate[s] or directly conflict[s] with, as opposed to merely weaken[s], the holding of the prior panel." *United States v. Dudley*, 5 F.4th 1249, 1265 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 1376, 212 L. Ed. 2d 330 (2022) (quoting *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009)). *Bruen* does not meet this standard. It did not overturn *Heller* or reject the *Heller* analysis relied on by the *Rozier*

5

court. *See Rozier*, 598 F.3d at 770–72 (quoting *Heller*, 554 U.S. at 626) ("nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons ..."). Rather, *Bruen* dispensed with the "two-step" framework adopted by most courts of appeal after *Heller* because the second step of that framework inappropriately applied "means-end scrutiny."[1] *Bruen*, 142 S. Ct. at 2125–27. In *Rozier*, the Eleventh Circuit does not even discuss the now overturned "means-end scrutiny" step of the two-step test. And critically, *Bruen* does not address the constitutionality of section 922(g)(1). Thus, *Bruen* is not "clearly on point." *See Garrett v. Univ. of Alabama at Birmingham Bd. of Trustees*, 344 F.3d 1288, 1292 (11th Cir. 2003) ("While an intervening decision of the Supreme Court can overrule the decision of a prior panel of our court, the Supreme Court decision must be clearly on point.").

*Rozier* remains binding precedent within the Eleventh Circuit on the constitutionality of 18 U.S.C. § 922(g)(1). Because the statute is constitutional, facially and as-applied, Defendant's challenge fails and the Motion to Dismiss will be denied. Thus, the Court need not address the Government's additional argument that §

---

[1] As recently explained by Judge Corrigan, "[a]fter *Heller*, the circuit courts of appeal developed a two-step process to assess Second Amendment claims. The first step asked whether the challenged law fell outside the scope of the Second Amendment. *See N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2126 (2022). If it did, the inquiry ended there. *Id.* But if the conduct fell under the Second Amendment, courts would then analyze 'how close the law comes to the core of the Second Amendment right and the severity of the law's burden on that right.' *Id.* In 2022, in *Bruen*, the Supreme Court rejected this two-step approach. *Id.* at 2127. The Court held that the first step was proper, but the second step of the two-step analysis was inappropriate. *Id. Bruen* required a one-step approach: '[T]he government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms.' *Id.*" *United States v. Kirby*, No. 3:22-CR-26-TJC-LLL, 2023 WL 1781685, at *1 (M.D. Fla. Feb. 6, 2023).

922(g)(1) is part of the historical tradition of the Second Amendment. *See* (Doc. 48 at 10–20). Accordingly, it is hereby

**ORDERED**:

1. Defendant's Facial and As-Applied Challenge to the Constitutionality of 18 U.S.C. 922(g)(1) and Motion to Dismiss the Indictment (Doc. 45) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on December 22, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any