UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                         CASE NO: 8:23-cr-34-CEH-AAS

LEONON RICKY DAVIS
_____/

**O R D E R**

     This matter comes before the Court on the United States' Motion *in Limine* (Doc. 68), filed on March 17, 2024.  In the motion, the Government requests entry of an Order excluding as hearsay any out-of-court statements from the audio of the officers' body worn cameras that Defendant intends to introduce at trial.[1] Defendant, Leonon Ricky Davis, filed a response in opposition. Doc. 78. A hearing on the motion was held April 25, 2024. The Court, having considered the motion, the response, argument of counsel and being fully advised in the premises, will grant-in-part and deny-in-part the United States' Motion *in Limine*.

## I.     BACKGROUND

     At approximately 8:28 p.m. on December 1, 2022, a car crash occurred in the area of 2514 31st Ave. and 26th Street North in Tampa, FL. Defendant Leonon Ricky

---

[1] It was unclear from the motion and response whether the admissibility of the 911 calls was also in dispute. At the hearing, both the Government and the defense indicated they intended to use the 911 calls at trial. In this Circuit, 911 calls have been admitted under exceptions to the hearsay rule as being both present sense impressions and excited utterances. *See United States v. Holmes*, 498 F. App'x 923, 925 (11th Cir. 2012). As discussed at the hearing, the Court will allow the 911 calls to be introduced into evidence at trial.

Davis was arrested in the general area (apartment complex) where the accident occurred. In addition, a firearm was recovered in the apartment complex next to an outdoor A/C unit. Officers Jorge Tamargo and Kayla Perez, among other officers, reported to the scene. The body worn cameras of Officer Tamargo and Officer Perez captured statements made by individuals at the scene that Defendant intends to introduce at trial. The Government seeks to exclude the statements.

Officer Jorge Tamargo spoke with an unknown black male at the scene. The conversation is captured on the officer's body worn camera. Officer Tamargo states, "Hi you doing partner?" The unknown Black male states, "ah nah, I'm just making sure he's alright." Officer Tamargo then asks the unknown black male "Do you know this gentleman?" The response from the unknown black male is "Nah, there were multiple people running though, it wasn't just him though." Officer Tamargo states "I understand, do you know this gentleman though?" The unknown black male states "I don't know him personally; I'm just telling there were multiple people running." Officer Tamargo then states "alright, we appreciate it man." The unknown black male states again "Hey there were multiple people running; it wasn't just him."

Officer Perez also speaks to the same unknown black male and asks him if anyone talked to him. The unknown black male states, "No, they didn't want to talk to me." Officer Perez follows up with "Did you guys see anything?" The unknown black male responds, "Um, we had pulled up but we just saw multiple people running though." Officer Perez asks "Did you see anybody get out of that vehicle over there?" The unknown black male states "There were people running from that area, we saw

2

multiple people running it wasn't just one person." Neither Officer Tamargo nor Officer Perez got the name or contact information for the unknown black male.

Officer Perez interviewed Kennethya Bellamy who described the man she saw as "tall, like brown skinned."[2] Ms. Bellamy stated that the man was wearing a red shirt and some shorts. Officer Perez secured Ms. Bellamy's contact information. At the hearing, the Government indicated that it did not intend to call Ms. Bellamy as a witness.

The Government seeks to preclude the witness statements captured by the body worn cameras because they are hearsay being offered for the truth of the matter asserted and because the statements go to the heart of Defendant's defense that another person running from the scene was the one who had the gun. In his response, Defendant argues that hearsay exceptions (present sense impression, state of mind, unavailable declarant, and the residual exception) apply, making the out-of-court statements admissible.

## II.   LEGAL STANDARD

Motions *in limine* present pretrial issues of admissibility of evidence that are likely to arise at trial, and as such, "the order, like any other interlocutory order, *remains subject to reconsideration by the court throughout the trial.*" *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-EAK-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007) (emphasis in original) (citation omitted). "A court has the power to exclude evidence

---

[2] It is not clear if Ms. Bellamy states "like" or "light" brown skinned. The Defendant's response states "like," (Doc. 78 at 6), but at the hearing counsel argued she said "light."

*in limine* only when evidence is clearly inadmissible on all potential grounds." *Id.*
(citing *Luce v. United States*, 469 U.S. 38, 41 (1984)).

## III.   DISCUSSION

The Government seeks to exclude from trial any hearsay statements made by
individuals at the scene that were captured by the officers' body worn cameras. In his
response to the Government's motion, Defendant argues the statements are admissible
under one or more of the following exceptions to the hearsay rule: Rule 803(1) present
sense impression; Rule 803(3) state of mind; Rule 804(b)(6) unavailable declarant
statement offered against a party that wrongfully caused the declarant's unavailability;
and Rule 807 the residual exception. For the reasons discussed at the hearing and
below, these exceptions are inapplicable in the circumstances here, and the
Government's motion to exclude the body camera statements will be granted, in part,
as it relates to these exceptions.

### A.   Rule 807- Residual Exception

As discussed at the hearing, the body worn camera statements are inadmissible
under the residual hearsay exception of Rule 807. Under the residual exception, "a
hearsay statement is not excluded by the rule against hearsay even if the statement is
not admissible under a hearsay exception in Rule 803 or 804 [if] (1) the statement is
supported by sufficient guarantees of trustworthiness--after considering the totality of
circumstances under which it was made and evidence, if any, corroborating the
statement; and (2) it is more probative on the point for which it is offered than any
other evidence that the proponent can obtain through reasonable efforts." Fed. R.

Evid. 807(a). "Congress intended the residual hearsay exception to be used very rarely, and only in exceptional circumstances." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1279 (11th Cir. 2009). As discussed at the hearing, Defendant does not present exceptional circumstances here.

### B.      Rule 803(3) – State of Mind

The Court also finds that the statements are inadmissible based on the "state of mind" exception to hearsay under Rule 803(3). Federal Rule of Evidence 803(3) authorizes the admission of a statement of the declarant's then existing state of mind, (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but in order to be admissible the declarant's state of mind must be a relevant issue in the case. *See Prather v. Prather*, 650 F.2d 88, 90 (5th Cir. July 1981).[3] There is no evidence before the Court that the declarants', the unknown black male and Ms. Bellamy, states of mind are relevant issues in this case.

### C.      Rule 804(b)(6) – Declarant's Unavailability

Similarly, Defendant's argument under Rule 804(b)(6) is unavailing. Pursuant to Rule 804(b)(6), a statement is not excluded as hearsay if the declarant's unavailability is wrongfully caused by the party against whom the statement is offered. However, Defendant offers no evidence or testimony demonstrating that the

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Government engaged in conduct to cause the witnesses' unavailability, intentionally and wrongfully.

**D.     Rule 803(1) – Present Sense**

Lastly, Defendant argues the statements are admissible under the present sense impression exception of Rule 803(1) because the declarants Kennethya Bellamy and the unknown black male made the statements to the officers after perceiving the events and within minutes of law enforcement showing up on the scene. Doc. 78 at 7. Three requirements must be satisfied before this exception may be applied: (1) the statement must describe or explain the event at issue; (2) the declarant must have seen the event; and (3) the statement must be substantially contemporaneous with the event. Fed. R. Evid. 803(1), Advisory Committee's Notes; 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Evidence ¶ 803(1)[01] (1992). Certainly, the unknown black male's comments to Officer Tamargo[4]: "Nah, There were multiple people running though, it wasn't just him though;" and "I don't know him personally; I'm just telling there were multiple people running" and "Hey there were multiple people running it wasn't just him." would not be an explanation of the event, but rather the declarant's unsolicited conclusion about the event, which would not be a present sense impression. *See, e.g.*, *Fair Fight Action, Inc. v. Raffensperger*, No. 1:18-CV-5391-SCJ, 2022 WL 4653763, at *2 (N.D. Ga. May 10, 2022) (citing *Citizens Fin. Grp., Inc. v. Citizens Nat'l Bank of Evans City*, 383 F.3d 110, 121–22 (3d Cir. 2004)) (finding a statement

---

[4] The unknown black male made similar comments to Officer Perez.

qualifies as a present sense impression only if it describes or explains an event or condition, not if the statement contains the declarant's impressions, thought process, analysis, or conclusions about an event or condition). The Government argues the statements are not admissible because they don't satisfy the contemporaneity requirement. But even if the statements were made close enough in time such that the exception may apply, the Government argues the statements' probative value is outweighed by the prejudicial effect, namely that the jury will misuse the statements about others running around to conclude that the officers arrested the wrong man.

A statement is admitted under the present sense impression exception because it contains certain guarantees of trustworthiness. The underlying theory of this exception is that the "substantial contemporaneity of the event and the statement negate the likelihood of deliberate or conscious misrepresentation." *United States v. Scrima*, 819 F.2d 996, 1000 (11th Cir. 1987) (citation omitted). As one of the officers discussed at the suppression hearing, however, statements like the ones at issue here are often unreliable because of a witness's efforts to "muddy the waters" or detract the officers' attention from the individual being arrested. While the Court finds it a closer call as to the applicability of the present sense impression exception, given the officer's testimony regarding the lack of trustworthiness, the Court will grant the motion as it pertains to this exception.[5] As discussed at the hearing, other witnesses will be at the

---

[5] The Defendant is free to raise the present sense impression exception at the trial, where the Court will have the benefit of all the testimony to aid in determining if the foundation for this exception has been laid.

trial who will be able to testify about people running around at the scene. Thus, the information can come in through witnesses, who are subject to cross-examination.

### E.    Non-Hearsay

Although the cited hearsay exceptions do not support admission of the statements, the statements may nevertheless be admissible. At the hearing, Defendant alternatively argued that the statements of the witnesses are admissible because they are not hearsay. Specifically, Defendant argued that the non-hearsay purpose of the statements is the effect that the statements have on the listener. In other words, what effect did the statements have on the officers and why did it not prompt them to look for other suspects. Because the statements may be admissible for a non-hearsay purpose based on the effect the statements had on the officers, the Court will take under advisement whether the statements are being offered for a purpose other than proving the truth of the matter asserted—such as the effect the statements had on the officers. The admission or exclusion of the statements will necessarily depend on foundations laid at trial and the relevancy of the anticipated testimony. Thus, the Court will reserve for trial a ruling on the Government's motion *in limine* as it relates to Defendant's argument that the statements are non-hearsay. Accordingly, the motion will be denied, without prejudice, to the Government making any objections, as appropriate, during the trial regarding the admission of the subject statements. It is hereby

**ORDERED**:

1.    The United States' Motion *in Limine* (Doc. 68) is **granted-in-part** such that the witness statements from the officers' body worn cameras are inadmissible

under the exceptions to the hearsay rule raised in Defendant's response. The motion is **denied, without prejudice**, as the statements may be admissible for a non-hearsay purpose. Counsel shall not refer to the subject statements in opening statements and must alert the Court, outside the presence of the jury, before seeking to introduce the statements into evidence to allow time for the Government to object, if warranted, and for the Court to rule on the admissibility of the statements once the Court has heard the predicate testimony.

  **DONE AND ORDERED** in Tampa, Florida on May 3, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any